IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADE DEAN ADENIJI,            )
                             )
         Plaintiff,          )
                             )
   v.                        )   No. 04 C 5775
                             )
ALEXIAN BROTHERS HEALTH SYSTEM, )
                             )
         Defendant.          )
                             )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ade Dean Adeniji was employed by Alexian Brothers Behavioral Health Hospital ("the Hospital") as a mental health counselor from August 2, 2003 until his termination on May 19, 2004. Mr. Adeniji filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was wrongfully terminated based on his national origin and age. The EEOC charge was filed against both the Hospital and the Alexian Brothers Health System ("the System"). The EEOC issued Mr. Adeniji a right-to-sue letter on June 3, 2004, naming only the Hospital in the letter as respondent. On September 2, 2004, Mr. Adeniji filed the present lawsuit, naming only the System as a defendant, alleging national origin discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq. (Count I); age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (Count II); and willful violation of the ADEA (Count III). The

System now moves for summary judgment on all three counts. I deny that motion for the reasons stated below.

The System argues that it has never employed Mr. Adeniji, and is therefore not the correct defendant in this action. Mr. Adeniji concedes that the System is not the correct defendant, but argues that he should be permitted to substitute the Hospital as the correct defendant, via an amended complaint and pursuant to Rule 15(c). Mr. Adeniji was required to file his claims within 90 days after the issuance of the right-to-sue letter from the EEOC. *See Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001). Therefore, Mr. Adeniji is prohibited from now bringing these claims against the Hospital, unless his proposed amendment relates back to the original complaint, pursuant to the provisions of Rule 15(c). That Rule provides that the amendment of a complaint relates back to the original date of the complaint when naming a new defendant when the claims arise out of the same conduct, transaction or occurrence as the original complaint and

> within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(c)(3).

Mr. Adeniji meets the first requirement; the claims he wishes to bring against the Hospital not only arise from the same conduct

2

he originally complained of, they are the same claims he brought against the System. Whether Mr. Adeniji can show the second requirement - that the Hospital had notice of this action within the 120 days allowed by Rule 4(m) - is a closer question. Mr. Adeniji argues that the Hospital had notice for two reasons: one, the Hospital was named as a respondent in the EEOC charge, and two, the Hospital and the System share legal counsel. Those two factors, combined with the System's actions in this case, combine to fulfill the requirement. Notice "serves as the means for evaluating prejudice." *Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 888 (7th Cir. 1993). The System did state in its answer that it had never employed Mr. Adeniji, and on October 12, 2004, filed an affiliate statement pursuant to Local Rule 3.2, identifying the System as a member of the Hospital. On December 9, 2004, counsel for the System filed a motion to compel Mr. Adeniji's deposition; in that motion, counsel states the Hospital's purported reason for terminating Mr. Adeniji's employment and states that discovery on behalf of the Hospital had been provided (Mr. Adeniji's personnel file, etc.). Given the overlap of counsel, the naming of both entities in the EEOC charge, and the actions of the System's counsel, I cannot say that the Hospital would now be prejudiced by defending in this case. *See, e.g., Graham v. Gendex Medical X-Ray, Inc.*, 176 F.R.D. 288, 290-91 (N.D. Ill.

3

1997)(Norgle, J.)(relying on naming of new defendant in EEOC charge as sufficient to provide notice).

Whether Mr. Adeniji can show that a mistake led to his naming only the System as a defendant in his original complaint is also a close question. Rule 15(c) is used to "correct a misnomer of a defendant where the proper defendant is already before the court." *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1996). "[A] new defendant cannot normally be substituted or added by amendment after the statue of limitations has run." *Id.* There was no "misnomer of a defendant" here. This is not a case where Mr. Adeniji was confused as to the actual name of his employer, or where he thought he was actually employed by another entity. Mr. Adeniji knew he was employed by the Hospital, not the System: his paychecks bore the name of the Hospital, as did his annual W2 form. When Mr. Adeniji filed his complaint with the EEOC, he did so against both the System and the Hospital, and when the EEOC issued him a right-to-sue letter, it named only the Hospital as the respondent.

Yet when Mr. Adeniji filed this lawsuit, represented by counsel, he chose to bring suit solely against the System. Even when the System answered his complaint, in part, by denying that it had ever employed Mr. Adeniji, he persisted in his suit and did not seek to name the Hospital, either as a substituted or additional defendant. Mr. Adeniji's first attempt to name his actual

4

employer, the Hospital, in this lawsuit comes now, nearly seven months later, in response to the System's motion for summary judgment. However, as noted above, counsel for the System proceeded with this case as if Mr. Adeniji had named the correct party. Counsel provided discovery that was within the control of the Hospital, not the System. The System's affiliate statement indicated a relationship between the Hospital and the System. Given this course of action, it is understandable that Mr. Adeniji thought he had sued the correct entity and did not seek to amend his complaint until the present time. The federal rules of pleading are intended to provide that cases be tried on the merits, not disposed of via technical procedural difficulties. *See Woods*, 996 F.2d at 883. The System's motion for summary judgment is denied, and Mr. Adeniji is given leave to amend his complaint to substitute the correct defendant.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: June 15, 2005